IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DENISE WOOD

               Plaintiff,

v.                                   CIVIL ACTION NO.  2:19-cv-00897

UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL HOUSING SERVICE,

               Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss, [ECF No. 4], filed by Defendant, the United States Department of Agriculture Rural Housing Service ("RHS"). Plaintiff, Denise Wood, has responded, [ECF No. 8], and the matter is ripe for adjudication. Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part for the following reasons.

I.    Background

The Housing Act of 1949, 42 U.S.C. § 1441 et seq. ("the Housing Act"), was enacted to promote "the elimination of substandard and other inadequate housing through the clearance of slums and blighted areas, and the realization as soon as possible of the goal of a decent home and a suitable living environment for every American family." 42 U.S.C. § 1441. Since 1949, RHS has administered a broad range of housing grant and loan programs authorized by the Housing Act. One of the

programs is Section 502 Single Family Housing Direct Loan Program. Section 502(a) authorizes the Secretary of Agriculture (the "Secretary") to make direct loans to borrowers seeking to finance affordable housing in rural areas. *See* 42 U.S.C. § 1472(a).

In 2008, RHS provided a direct home loan under Section 502 to Plaintiff. The loan provided for monthly payments of approximately $285, which included an amount of monthly payment assistance based on Plaintiff's income. According to Plaintiff, in or about 2012, Plaintiff was forced to quit her job for health-related reasons. At that point, Plaintiff fell behind on her loan payments. Plaintiff contacted Defendant in September 2013 to discuss payment assistance or other options available to Plaintiff to manage her loan. Defendant accelerated the loan in February 2014, without providing Plaintiff with a moratorium, payment arrangement, or modification. Plaintiff avers that Defendant failed to inform her that moratorium relief continued to be available to her post-acceleration of her loan. And that Defendant stopped communicating with Plaintiff for five and a half years after the acceleration of her loan. In October 2019, Plaintiff received a Notice of Foreclosure Sale. Upon receiving the Notice, Plaintiff claims she renewed her requests for moratorium relief and/or re-amortization of her loan. Defendant refused to provide Plaintiff assistance and instead is pursuing foreclosure.

On December 16, 2019, Plaintiff filed a Complaint, [ECF No. 1], alleging the following claims against Defendant: Count I–Violation of the Administrative Procedure Act (the "APA"); Count II–Deprivation of Property Without Due Process of

Law; and Count III–Breach of Contract. Defendant now moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 4].

## II.    Legal Standard

### A. Dismissal for Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) tests the court's subject-matter jurisdiction over a plaintiff's claim. The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). It must, however, "view[ ] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768).

### B. Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in

favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

In evaluating Defendant's arguments for dismissal pursuant to Rule 12(b)(6), I will consider only the pleadings and any "documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014). Here, Defendant asks the court to consider the Declaration of Mirian Jackson, a workflow coordinator, employed by RHS. This Declaration and documents attached therein—except for Attachment A (the Deed of Trust) and Attachment B (the Promissory Note)—are not part of the Complaint and have not been incorporated into the Complaint by

reference. *See* Def.'s Ex. 1 [ECF No. 5]. Attachment A is the Deed of Trust. *Id.* Attachment B is the Promissory Note. *Id.* These documents form the contract referred to in Plaintiff's Complaint. *See* Pl.'s Compl. ¶ 44 [ECF No. 1]. Plaintiff's Complaint incorporates the Deed of Trust and Promissory Note as integral to her Breach of Contract claim alleged in Count III. In evaluating Defendant's Motion to Dismiss, I will therefore consider Attachment A (the Deed of Trust) and Attachment B (the Promissory Note), but not the Declaration and other attached documents.

## III. Discussion

Defendant moves for dismissal of Plaintiff's claims on multiple bases. First, Defendant moves for dismissal based on a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that: (1) this court lacks jurisdiction under the APA to review this matter; (2) Plaintiff lacks standing; and (3) Plaintiff's claims are barred by sovereign immunity. *See* Mem. in Supp. of Def.'s Mot. to Dismiss [ECF No. 6]. Second, Defendant moves for dismissal based on Plaintiff's failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that: (1) Plaintiff received proper notice and failed to act; and (2) the Deed of Trust does not mandate foreclosure alternatives, thus Defendant did not breach its contract with Plaintiff. *Id.*

I construe the Motion as also requesting dismissal of the merits of the APA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). First, I must decide whether jurisdiction exists for me to review the claim under the APA. Second, if jurisdiction does exist, then I must review whether Plaintiff has sufficiently alleged

a violation of the APA pursuant to the standard under Rule 12(b)(6).

## A. Whether this Court Has Subject Matter Jurisdiction

### 1. APA Claim

Plaintiff seeks judicial review under the APA of Defendant's alleged failures to properly implement and comply with the Housing Act. Defendant moves for dismissal of the Complaint, asserting that this court lacks jurisdiction under the APA. It is important to note, that even if this court did not have jurisdiction to review whether RHS's actions violated the APA, as alleged in Count I of Plaintiff's Complaint, that would not affect jurisdiction to review RHS's actions under the Due Process Clause, as alleged in Count II, or under Contract law, as alleged in Count III. *Inova Alexandria Hosp.*, 244 F.3d at 347; *Elecs. of N. Carolina, Inc.*, 774 F.2d at 1267. Regardless, I find that jurisdiction is proper on two different bases.

It is well settled that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Randall v. United States*, 95 F.3d 339, 344 (4th Cir. 1996). The APA does not permit judicial review of agency actions that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *see also Lincoln v. Vigil*, 508 U.S. 182, 183 (1993). The Supreme Court has "noted the 'tension' between the prohibition of judicial review for actions 'committed to agency discretion' and the command in § 706(2)(A) that courts set aside any agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 370 (2018) (citing *Heckler v. Chaney*, 470 U.S. 821, 829 (1985)). Therefore, actions committed to

an agency's discretion constitute a "very narrow exception" to the presumption favoring judicial review. *Speed Mining, Inc. v. Fed. Mine Safety & Health Review Comm'n*, 528 F.3d 310, 317 (4th Cir. 2008) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971)).

An agency action is "committed to agency discretion by law" if the statute does not provide "a meaningful standard against which to judge the agency's exercise of discretion." *Chaney*, 470 U.S. at 830. The Court in *Chaney* explained, that agency's discretionary decisions "often involve[] a complicated balancing of a number of factors which are peculiarly within [the agency's] expertise," including "whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, [and] whether the particular enforcement action ... best fits the agency's overall policies." *Id.* at 831. The Supreme Court has generally cabined this exception to "certain categories of administrative decisions that courts traditionally have regarded as 'committed to agency discretion,'" *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2568 (2019); *see e.g.*, *Lincoln*, 508 U.S. 182, 191 (1993) (involving administrative decisions over the allocation of funds from a lump-sum appropriation); *Chaney*, 470 U.S. at 831–832 (involving a decision not to institute enforcement proceedings); *Webster v. Doe*, 486 U.S. 592, 600–601 (1988) (involving a decision by an intelligence agency to terminate an employee in the interest of national security).

To determine whether a meaningful standard for reviewing an agency discretion exists, courts look to the language and structure of the enabling statute.

*See Speed Mining, Inc.*, 528 F.3d at 317. In this case, the statute at issue is the Housing Act. The pertinent portion of the Housing Act is as follows:

> During any time that any such loan is outstanding, the Secretary is authorized under regulations to be prescribed by him to grant a moratorium upon the payment of interest and principal on such loan for so long a period as he deems necessary, upon a showing by the borrower that due to circumstances beyond his control, he is unable to continue making payments of such principal and interest when due without unduly impairing his standard of living.

42 U.S.C. § 1475(a). Defendant focuses on the statute's use of the term "authorized." Simply because a statute uses permissive language does not mean that the statute provides unbridled discretion to an agency to the point that there is no meaningful standard of review. *See Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 371 (2018); *see also Inova*, 244 F.3d at 347 ("[C]ourts routinely conclude that judicial review is available notwithstanding statutory language that seemingly allows for unlimited discretion."). Here, the statute outlines that the Secretary, in deciding whether to grant a moratorium, must consider "a showing by the borrower that due to circumstances beyond his [or her] control, he [or she] is unable to continue making payments of such principal and interest when due without unduly impairing his standard of living." 42 U.S.C. § 1475(a); *see also United States v. Shields*, 733 F. Supp. 776, 783 (D. Vt. 1989). The statute further instructs that the Secretary's consideration take place "during any time that any such loan is outstanding." *Id.*; *see also Shields*, 733 F. Supp. at 783 ("To deny a moratorium application solely because the loan has been accelerated is contrary to the language in 42 U.S.C. § 1475 providing moratorium relief '[d]uring any time that any such loan is outstanding'....").

I therefore find that this court has jurisdiction because the Housing Act provides meaningful standards for reviewing RHS's discretion.

Furthermore, jurisdiction exists on a separate basis, in so far as Plaintiff challenges the lawfulness of RHS's regulations. Agency action committed to agency discretion by law "is not completely shielded from judicial review." *Elecs. of N. Carolina, Inc. v. Se. Power Admin.*, 774 F.2d 1262, 1267 (4th Cir. 1985). For example, an agency decision that violates a statutory or constitutional command is not immune from judicial review, even if it is "committed to agency discretion." *Id.* "Courts have assumed the power to review allegations that an agency exceeded its legal authority…but they 'may not review agency action where the challenge is only to the decision itself.'" *Id.* (citing *Ness Investment Corp. v. United States Department of Agriculture*, 512 F.2d 706, 714 (9th Cir.1975); *Scanwell Laboratories, Inc. v. Shaffer*, 424 F.2d 859, 874 (D.C.Cir.1970)).

Here, Plaintiff not only challenges RHS's conduct as "arbitrary, capricious, [or] an abuse of discretion" but also alleges that the Secretary's regulation, 7 C.F.R. § 3550.207(a)(3), is "not in accordance with the law" and therefore a violation of Section 706(2)(A) of the APA. The Plaintiff's claim that the regulation violates the Housing Act turns on the scope of the statute. The Housing Act itself and the principals of deference to agency interpretations as outlined in *Chevron U.S.A. Inc. v. NRDC, Inc.*, 467 U.S. 837, 843 n.9 (1984) thus provide a judicially manageable standard for analyzing RHS's regulation. *See Inova Alexandria Hosp. v. Shalala*, 244 F.3d 342, 347 (4th Cir. 2001).

Having found that the agency's conduct and regulation are reviewable, this court has jurisdiction over Plaintiff's APA claim as alleged in Count I.

## 2. Standing

Defendant argues that Plaintiff lacks standing to sue under Article III of the Constitution because she failed to allege an injury in fact. I disagree.

Article III of the Constitution limits the jurisdiction of federal courts to "cases and controversies." U.S. Const. art. III, § 2. To satisfy this requirement, a plaintiff must demonstrate she has standing to maintain its action. *Allen v. Wright*, 468 U.S. 737, 756 (1984). Article III's standing requirement require a plaintiff to show that she has "suffered an 'injury in fact' —an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical,"' and "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Loss of a home and imminent foreclosure clearly constitute "an invasion of a legally protected interest which is concrete and particularized." *See Shields*, 733 F. Supp. at 783–85. Plaintiff Wood thus has plead sufficient facts to demonstrate an injury in fact, satisfying the standing requirements under Article III.

## 3. Sovereign Immunity

Defendant next makes two arguments for dismissal based on Sovereign Immunity pursuant to Federal Rule of Civil Procedure 12(b)(1). First, Defendant avers that Plaintiff cannot assert a claim against a federal agency under the Federal Tort Claims Act because the Act authorizes suits only against the United States.

Given that Plaintiff has not alleged a claim pursuant to the Federal Tort Claims Act, I am puzzled by Defendant's argument and find it irrelevant to this case.

Second, Defendant argues that sovereign immunity bars Plaintiff from recovering monetary damages. The federal government cannot be sued for monetary damages unless Congress has waived immunity, or the government has consented to suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Federal agencies and government employees acting in their official capacity are also protected by sovereign immunity. *Brown v. General Services Administration*, 425 U.S. 820, 826-27 (1976). "Sovereign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475, (1994), and the United States' consent to be sued is therefore a "prerequisite for jurisdiction." *Mitchell*, 463 U.S. at 212. "A waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Faced with a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing both the court's statutory jurisdiction and the government's waiver of its sovereign immunity. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"The APA generally waives the Federal Government's immunity from a suit 'seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority.'" *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702). Under this waiver,

plaintiffs may seek equitable relief, including specific monetary relief, such as "reinstatement of an employee with backpay, or . . . the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions." *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988). The APA's waiver of sovereign immunity for equitable relief is not limited to suits under the APA and applies to any suit against federal agencies or officers. *See e. g.*, *Quaid v. Kerry*, 161 F. Supp. 3d 70, 74 (D.D.C. 2016); *Sharkey v. Quarantillo*, 541 F.3d 75, 91 (2d Cir. 2008) ("Section 702 of the APA waives the federal government's sovereign immunity in actions for non-monetary relief against an agency or officer thereof brought under the general federal question jurisdictional statute."); *Gupta v. S.E.C.*, 796 F. Supp. 2d 503, 509 (S.D.N.Y. 2011) (holding same); *Diaz-Bernal v. Myers*, 758 F. Supp. 2d 106, 118 (D. Conn. 2010) ("The APA can waive sovereign immunity even for claims brought under other statutes.").

This court has subject matter jurisdiction over Plaintiff's claims. Insofar as Plaintiff seeks "declaratory and injunctive relief" on Count I, II, and III, the APA unquestionably waives sovereign immunity. "The fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.'" *Bowen*, 487 U.S. at 893. The Supreme Court has long recognized the

> distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief— which may include an order providing for the reinstatement of an employee with backpay, or for "the

> recovery of specific property *or monies*, ejectment from land, or injunction either directing or restraining the defendant officer's actions.

*Id.*

Plaintiff requests "compensatory damages" for her Breach of Contract claim alleged in Count III of her Complaint. Pl.'s Compl. ¶ 48 [ECF No. 1]. I find that compensatory damages are barred by sovereign immunity. Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's request for compensatory damages but **DENIED** as to Plaintiff's requests for equitable relief.

### B. Whether Plaintiff Plausibly States a Claim Upon which Relief Can be Granted

Now that I have found that I have jurisdiction to decide this matter, I next must decide whether Plaintiff has stated a plausible claim for relief. Defendant explicitly makes two arguments for dismissal based on Plaintiff's failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As previously stated, I also construe Defendant's Motion as moving for dismissal based on Plaintiff's failure to sufficiently state a claim for an APA violation. I will address each argument in turn.

### 1. APA Claim

Having found that this court has jurisdiction to review Plaintiff's APA claim, I further find that she has sufficiently stated a plausible claim for relief.

Plaintiff alleges that the Secretary's regulations are inconsistent with the Housing Act in violation of the APA. Courts employ a two-step inquiry when reviewing an agency's construction of the statute which it administers. *Chevron,*

*U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). The first question is whether Congress has "directly spoken to a precise question at issue" through an unambiguous statute. *Id.* If this first question is answered in the affirmative, that ends the inquiry. *Id.* If, however, the "statute is silent or ambiguous with respect to the specific issue, the [second] question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.*

Here, the statute is unambiguous. The Housing Act states in pertinent part,

> During any time that any such loan is outstanding, the Secretary is authorized under regulations to be prescribed by him to grant a moratorium upon the payment of interest and principal on such loan for so long a period as he deems necessary, upon a showing by the borrower that due to circumstances beyond his control, he is unable to continue making payments of such principal and interest when due without unduly impairing his standard of living.

42 U.S.C. §1475(a). That statute directs the Secretary to grant a moratorium to a borrower who makes a showing that due to circumstances beyond her control, she is unable to continue making payments without unduly impairing her standard of living. *Id.* The statute specifies that this moratorium relief should be available "during *any* time that such a loan is outstanding." *Id.* (emphasis added). The statute further instructs the Secretary to proscribe regulations to guide the decision to grant such relief as outlined in the parameters of the statute. *Id.*

The regulations at issue in this case provide moratorium relief only when a borrower's account is not currently accelerated. *See* 7 C.F.R. § 3550.207(a)(3). Because it forecloses moratorium relief for a whole category of loans—accelerated loans—this regulation is plainly inconsistent with the Housing Act's specification

that relief be available "during any time the loan is outstanding." *See Shields*, 733 F. Supp. at 783. I find that Plaintiff has sufficiently alleged that RHS's conduct is "not in accordance with the law." *See* 5 U.S.C. §706(2)(A). Thus, Plaintiff has properly stated a plausible claim that Defendant violated the APA. Defendant's Motion is **DENIED** as to Count I.

### 2. Due Process Clause Claim and Breach of Contract Claim

First, Defendant argues that Plaintiff received proper notice and failed to act. This argument presents an issue of fact. Defendant attaches to its Motion to Dismiss the Declaration of Mirian Jackson, which includes several documents attached therein. As previously discussed, at the Motion to Dismiss stage it is improper to consider the documents that are not part of nor have been incorporated into the pleadings. Plaintiff's Complaint alleges that "Defendant failed to inform Plaintiff that moratorium relief was available after it accelerated her loan. Nor did Defendant notify Plaintiff of the ongoing availability of moratorium relief…." Pl.'s Compl. ¶¶ 33–34. The law requires me to accept Plaintiff's factual allegations here as true. *See Robertson*, 679 F.3d at 288.

Second, Defendant argues the Deed of Trust does not mandate a foreclosure alternative and thus Plaintiff fails to state a plausible claim for Breach of Contract as alleged in Count III of the Complaint. A breach of contract action in West Virginia requires "(1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as

a result." *Safeco Ins. Co. of Am. v. Mountaineer Grading Co.*, No. 2:10-CV-01301, 2012 WL 830158, at *4 (S.D.W. Va. Mar. 9, 2012).

Courts "should give the words in a contract their ordinary meaning" and are not "to alter, pervert, or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract." *Id.* An agreement expressing the parties' intentions in "plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." *Id.* To survive a motion to dismiss, a plaintiff must allege "the breach on which the plaintiffs found their action…[and] the facts and circumstances which entitle them to damages." *McNeely v. Wells Fargo Bank, N.A.*, No. 2:13-CV-25114, 2014 WL 7005598, at *9 (S.D.W. Va. Dec. 10, 2014).

Here, Plaintiff has sufficiently stated a claim for Breach of Contract. The Deed of Trust and Promissory Note unquestionably constitute a valid and enforceable contract between Plaintiff and Defendant. The Housing Act is incorporated into the Contract. See Exhibit 1, Attachment B [ECF No. 5] 10 ("This promissory note is made pursuant to title V of the Housing Act of 1949…. This note shall be subject to the present regulations of the Government."). Plaintiff alleges that Defendant breached the express contractual terms and its contractual duties, as defined in the Deed of Trust, through the following actions:

> (a) Failing to provide regular billing statements; (b) failing to provide Plaintiff notices required, including of the availability of post acceleration moratorium relief; (c) failing to appropriately conduct review for foreclosure alternatives; and (d) pursuing foreclosure without meeting

> the conditions precedent to foreclosure set forth in the
> contract.

Pl.'s Compl. ¶ 48 [ECF No. 1]. These allegations, taken as factually true, plausibly state a breach or violation of duties outlined in the Deed of Trust, Promissory Note, and Housing Act. Plaintiff is facing imminent foreclosure on her house as a result from Defendant's alleged failures to perform its contractual duties. *See id.* The court thus **DENIES** Defendant's Motion to Dismiss Plaintiff's claim for Breach of Contract as alleged in Count III of the Complaint.

## IV.    Conclusion

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claim for compensatory damages and **DENIED** regarding all other claims. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 30, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE